UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DARREN WILLIAMS,

                      Petitioner,

v.

                                                        9:15-CV-1541
                                                        (TJM)

JUSTIN THOMAS,

                      Respondent.

---

APPEARANCES:                                    OF COUNSEL:

DARREN WILLIAMS
Petitioner, Pro Se
04-A-5841
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 13403

HON. ERIC T. SCHNEIDERMAN         LISA E. FLEISCHMANN
Attorney for Respondent                 Assistant Attorney General
Office of the Attorney General
120 Broadway
New York, New York 10271

THOMAS J. McAVOY
Senior United States District Judge

## DECISION AND ORDER

### I. INTRODUCTION

Petitioner Darren Williams ("petitioner"), pro se, originally filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 20, 2015, in the United States District Court for the District of Columbia. Dkt. No. 1, Petition ("Pet."); Affidavit in Support of

Petition ("Pet. Aff."); Exhibits A - C.[1] The petition was transferred to the Northern District of New York by Order dated December 7, 2015. Dkt. No. 2, Order. This Court subsequently converted the petition, without objection, to a petition pursuant to 28 U.S.C. § 2254. Dkt. No. 5, Decision and Order.

Petitioner is currently confined at the Marcy Correctional Facility, and he is challenging the manner in which the New York Department of Corrections and Community Supervision ("DOCCS") calculated his sentence. Dkt. No. 1, Pet. at 1. Petitioner's state custody arises from two separate judgments of convictions. Dkt. No. 1, Pet. Aff. at 1. The first conviction occurred in 1993, following petitioner's plea of guilty to third degree criminal possession of a controlled substance and seventh degree criminal possession of a controlled substance. As a result of his 1993 conviction, petitioner was sentenced as a second felony offender to an aggregate indeterminate prison term of 10 to 20 years. Dkt. No. 1, Exhibit B at 17. Petitioner was paroled in April 2002, but was subsequently rearrested on May 21, 2004. After pleading guilty to assault in the second degree, petitioner was sentenced to a determinate term of five years, followed by five years post-release supervision. Dkt. No. 1, Pet. Aff. at 11.

As a result of his second conviction in 2004, petitioner's parole arising from his 1993 conviction was revoked.

Petitioner is currently in custody pursuant to the 1993 conviction. Petitioner maintains he is being held in violation of his federal constitutional rights beyond the date upon which his term of post-release supervision expired following his 2004 conviction. Pet. at 6-8. Petitioner is not challenging his convictions or the original sentence.

---

[1] The cited page numbers for the petition, petitioner's affidavit and exhibits A through C filed at Docket No. 1 refer to those generated by the court's electronic filing system ("ECF").

Respondent opposes the petition. Dkt. No. 8, Answer; Dkt. No. 8-1, Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus ("Resp. Mem."); Dkt. No. 9, State Court Records ("SR").[2]

For the reasons that follow, the petition is denied and dismissed.

## II. BACKGROUND

### A. Petitioner's Convictions and Parole Violation

On May 12, 1993, petitioner was convicted following a plea of guilty in Westchester County Court, of one count of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. Dkt. No. 9, at SR 268. Petitioner was sentenced as a second felony offender to an indeterminate prison term of 10 to 20 years for the first count and a concurrent definite term of one year for the second count. *Id.*

Petitioner was paroled on April 11, 2002, but was subsequently rearrested on May 21, 2004 on a new charge. Dkt. No. 9, at SR 58-59. On October 28, 2004, petitioner was convicted in Orange County Court, upon a plea of guilty, for assault in the second degree. SR at 12, 61, 227, 229-230. Petitioner was sentenced as a second violent felony offender to a determinate prison term of five years, followed by five years post-release supervision. SR at 229-230.

Petitioner's October 2004 conviction was unanimously affirmed by the Appellate Division, Second Department, on November 8, 2006, and the Court of Appeals denied leave

---

[2] The cited page numbers for the Answer (Dkt. No. 8) and Respondent's Memorandum of Law (Dkt. No. 8-1) refer to those generated by ECF. The "SR" page numbers for the state court records filed at Docket Number 14 appear at the bottom right portion of each page.

to appeal. *People v. Williams*, 34 A.D.3d 506 (2d Dep't 2006), *lv denied* 8 N.Y.3d 845 (2007).

Petitioner was sent to a state prison facility to begin serving his 2004 sentence on November 8, 2004. Petitioner acknowledges that upon his arrival, "the State served him with a notice of final declaration of delinquency for the 1993 sentence based upon the imposition of the new five year determinate period of incarceration." Pet. Aff. at 11; *see also* SR at 268. This Notice of Final Delinquency issued by the Board of Parole, dated November 8, 2004, notified petitioner that as a result of his 2004 felony conviction, he was being found delinquent of his parole. SR at 268. The Notice of Final Delinquency found that "[t]he time from the established date of delinquency to [his] scheduled maximum expiration of sentence, on the previous conviction, may be added, by the Department of Correctional Services, to the maximum expiration term of [his] new sentence." *Id.*

On February 4, 2006, petitioner wrote a letter addressed to "Mrs. Welch, Parole Department, Bare Hill." Dkt. No. 1, Exhibit C at 19-21. Petitioner acknowledged that his corrections counselor "had informed [him] that the parole department at this facility [had] 'changed' [his] time computation sheet concerning an initial appearance before the parole board." Exhibit C at 20. According to petitioner, Penal Law § 70.45 (5)(a) required that he be released to post-release supervision after completing his determinate prison sentence for the 2004 conviction, without any regard for any prior parole time owed under his previous sentence. *Id.* at 19-21. A handwritten response by "C. Welch" encouraged petitioner to contact the Inmate Records Coordinator for further questions, but noted that because petitioner had a "mixed" sentence including both a determinate and indeterminate period of incarceration, he would "still owe time on [his] prior indeterminate sentence (10-20 years for

4

CPCS 3rd)" and that his post-release supervision would "begin when [he was] released." *Id.* at 21.

B.  **Petitioner's state applications for habeas corpus relief**

Over six years later, on December 15, 2012, petitioner sought a writ of habeas corpus in state court, along with an application for poor person status, arguing he was entitled to a parole revocation hearing, and was denied due process when DOCCS failed to release him in 2009 after his five-year sentence expired for his 2004 conviction without a hearing. SR at 1-17. On April 24, 2013, petitioner sought to amend his petition, adding that certain regulations which were amended after his 1993 conviction were applied in violation of the Ex Post Facto Clause. SR at 24-96.

In a July 26, 2013 Decision and Order, the state court reviewed the proposed amended petition and found that it "fails to establish merit for his habeas corpus proceeding." SR at 99-102. As a result, the state court denied "petitioner's motion to proceed as a poor person to pursue a habeas corpus proceeding" and denied his motion to amend. SR at 102.

Petitioner filed additional applications for poor person status and habeas corpus relief in Oneida County Supreme Court in January and May 2014. SR at 108-158, 162-177. The state court issued letter decisions denying his applications for poor person status on the basis that his habeas corpus claims lacked merit. SR at 159-161, 181-182. Specifically, the state court rejected petitioner's due process claim, finding that he was not entitled to a parole revocation hearing after he was convicted of a second felony in 2004 while on parole. *Id.*

According to the state court, Executive Law § 259-i(3)(d)(iii)[3] provides for revocation of parole without a hearing regardless of whether the parolee was sentenced to a new determinate or indeterminate sentence. SR at 160-161.[4]

Thereafter, on January 21, 2015, petitioner filed a Petition for a Writ of Habeas Corpus pursuant to Article 70 of the CPLR with the Appellate Division, Fourth Department. SR at 190-276. Petitioner argued he was entitled to habeas relief on the following grounds: (1) he was denied "Equal Protection under the law pursuant to the 2004 Determinate Sentence when he was not released to the Court mandated [post-release supervision] upon the maximum expiration of" his 2004 sentence, and (2) he was denied equal protection and due process when the undischarged portion of his 1993 sentence was added to his 2004 sentence without a final revocation hearing. SR at 200.

On April 22, 2015, the Appellate Division dismissed petitioner's state application for a writ of habeas corpus, holding that "[p]etitioner was not entitled to a final revocation hearing before his parole was revoked." SR at 277. The Court of Appeals denied leave to appeal on September 15, 2015. SR at 310.

---

[3] Executive Law § 259-i(3)(d)(iii) (eff. until Sept. 1, 2017, pursuant to L. 1995, c. 3 § 74), states in relevant part as follows: "when a presumptive releasee, parolee, conditional releasee or person on post-release supervision has been convicted of a new felony committed while under such supervision and a new indeterminate or determinate sentence has been imposed, the board's rules shall provide for a final declaration of delinquency. The inmate shall then be notified in writing that his release has been revoked on the basis of the new conviction and a copy of the commitment shall accompany said notification."

[4] Petitioner also sought poor person status and a writ of habeas corpus in Albany County Supreme Court. On September 22, 2014, the Albany County Supreme Court rejected the applications, finding that petitioner "repeatedly brought the same application before Supreme Court in Oneida County," and therefore, "this Court has no authority to rule on the matter." SR at 189. According to respondent, petitioner's filings in Albany County Supreme Court were returned to him after the court rendered its decision, and respondent has been unable to obtain copies of his filings. Resp. Mem. at 8, n, 4.

6

### C. Petitioner's Federal Application for a Writ of Habeas Corpus

In his current petition for habeas relief before this Court, petition argues he is being held beyond the date upon which his term of post-release supervision expired in violation of his constitutional rights. Pet. at 2. Specifically, petitioner raises the following grounds for habeas relief: (1) he is in custody in violation of his due process and equal protection rights because he was not released in May 2009 when his "5 yr. period of incarceration expired;" (2) DOCCS improperly "mixed" his "undischarged 1993 indeterminate sentence" with a "2004 determinate sentence" and "substituted [his] final revocation hearing with a parole eligibility hearing, 4 yrs. from the time the state executed the parole warrant on the 1993 sentence and service of the notice of final declaration of delinquency," resulting in "an increase from the sentence orally pronounced by the sentencing court;" (3) DOCCS "retroactively applied new laws and amendments under the Sentencing Reform Act of 1995, as well as new rules, to the 1993 undischarged indeterminate sentence," resulting in "a greater punishment;" and (4) New York State "judicial officers breached their contract to support the constitution of the United States and the supreme law of the land" because they "ignored or remained silent on [his] constitutional claim that the only sentence known to the law is the sentence orally pronounced by the sentencing court" when denying his applications for release. Pet. at 6-8.

### III. MOTION CHALLENGING CONVERSION OF HABEAS CORPUS PETITION

Petitioner has filed a motion challenging the Court's conversion of his habeas corpus petition to a petition brought pursuant to 28 U.S.C. § 2254. Dkt. No. 10, Motion.

Petitioner originally filed the instant petition pursuant to 28 U.S.C. § 2241 in the United States District of Columbia. Pet. at 1. After the petition was transferred to the Northern

District of New York (Dkt. No. 2), this Court issued a Decision and Order on January 1, 2016, ordering the petitioner to notify the Court in writing, within thirty days, whether he consented to having his section 2241 petition converted to a section 2254 petition. Dkt. No. 4, January 1, 2016, Decision and Order. The Court noted that 28 U.S.C. § 2241 applies only to federal prisoners challenging the execution of a sentence, while 28 U.S.C. § 2254 permits state prisoners to challenge both the execution of a sentence and the underlying conviction by a state court. Since "it is clear from the petition that petitioner is a state prisoner challenging the way state officials calculated his sentence," the Court held that "his petition is therefore properly brought only pursuant to Section 2254." Dkt. No. 4, at 3, *citing Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). Petitioner was advised that the Court intended to convert his Section 2241 petition into a Section 2254 petition unless objections were filed, and that such conversion would subject the petition to various "gate keeping" provisions under 28 U.S.C. § 2244, including a one-year statute of limitations and restrictions on successive petitions. *Id.* at 3-4.

Petitioner did not object within thirty-days of the Court's January 7, 2016 Decision and Order. Accordingly, on February 12, 2016, the Clerk of the Court was directed to convert the instant petition from one brought under 28 U.S.C. § 2241 to a petitioner brought under 28 U.S.C. § 2254. Dkt. No. 5, February 2, 2016, Decision and Order.

Shortly after respondent answered the petition, petitioner filed a motion challenging the Court's conversion of his habeas petition. Dkt. No. 10. Petitioner's motion is denied for the following reasons.

Pursuant to this Court's January 1, 2016 Decision and Order, petitioner was required to either (1) advise the Court that he consented to the conversion of this action from one

8

brought pursuant to 28 U.S.C. § 2241 into one brought pursuant to 28 U.S.C. § 2254, or (2) voluntary withdraw the petition. Dkt. No. 4, at 5. Petitioner was notified that if he did not file objections or withdraw the petition, it would be converted into one brought pursuant to § 2254, and respondent would be directed to answer. *Id.* Petitioner does not dispute that he failed to comply with the January 1, 2016 Decision and Order, and nothing in petitioner's motion accounts for, or excuses his failure to comply with the Court's directive. Therefore, the Court properly converted his petition.

Furthermore, petitioner's objections to the conversion lack merit. Petitioner does not dispute that he is a state prisoner challenging his state imposed sentence. Since state prisoner's may only bring habeas petitions challenging the execution of their sentence pursuant to 28 U.S.C. § 2254, the petition was properly converted and petitioner's motion challenging the conversion is denied.

## IV. THE PETITION IS TIME BARRED

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a petitioner to file a federal habeas petition within a one-year statute of limitations period. *See* 28 U.S.C. § 2241(d)(1). Specifically, 28 U.S.C. § 2244(d)(1) provides:

> (1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

9

States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Here, § 2244(d)(1)(A) does not apply because petitioner is challenging an administrative decision to revoke his parole – not a judicial judgment of conviction. Sections 2244(d)(1)(B) and (C) are equally inapplicable because petitioner is not claiming that some state action impeded him from seeking habeas relief or that an issue regarding retroactive application of a constitutional right recognized by the Supreme Court is at play. Therefore, the one-year statutory period commences pursuant to § 2244(d)(1)(D), or the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The Second Circuit has held that the "factual predicate" of a claim challenging the revocation of one's parole is the date the petitioner is "notified that the administrative decision to revoke his parole ha[s] become final." *Cook*, 321 F.3d at 280; *see also Strauss v. Yelich*, No. 9:09-CV-0341 (LEK), 2010 WL 1972781, at *3 (N.D.N.Y. May 17, 2010) (finding that a habeas corpus challenge concerning the revocation of parole must be commenced within one year after the petitioner is notified that the administrative decision to revoke parole has become final) (citing *Cook*).

Here, petitioner admits that he received a Final Notice of Declaration of Delinquency on November 8, 2004, when he was sent to a state prison facility to begin serving his 2004

10

sentence. Pet. Aff. at 11; see also SR at 268. This Final Notice stated that the Board of Parole found petitioner delinquent in his parole as of May 21, 2004, the date of his new conviction. Petitioner was notified that the remainder of his parole time from his 1993 conviction could be added to the maximum expiration of his new sentence as a result of his parole violation. SR at 268. Petitioner was therefore aware of the Parole Board's final decision revoking his parole as of November 8, 2004. He had one year, or until November 8, 2005, within which to timely file his application seeking federal habeas relief challenging the revocation of his parole. *Cook*, 321 F.3d at 280. Petitioner did not seek habeas relief until October 20, 2015, over ten years later.

Furthermore, petitioner attached as an exhibit a letter he sent to the Parole Board on February 4, 2006, wherein he admits his correction's counselor informed him that his determinate sentence had been "altered." Pet. Aff. at 11, citing Pet. Ex. C. In response, petitioner was told that he would "still owe time on [his] prior indeterminate sentence" from his 1993 conviction, and that his post-release supervision would "begin when [he was] released." Pet. Ex. C. Consequently, as of February 2006, petitioner was aware that he was not being released in May 2009.

Finally, petitioner was undoubtedly aware that his parole was revoked when he was not released in May 2009, after his 2004 determinate sentence expired.

Accordingly, petitioner knew as early as 2004, but certainly by May 2009, of the factual predicate for each of his claims. However, petitioner waited until October 20, 2015 to file the instant petition. The petition is therefore untimely unless petitioner can demonstrate a statutory or equitable basis to toll the statute of limitations.

11

B.  **Statutory Tolling**

A petitioner is entitled to statutory tolling during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The state application for relief must be filed and pending before the one-year grace period expires. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (per curium) (finding that a coram nobis petition "if pending within that one-year grace period, would trigger Section 2244(d)(2)'s tolling allowance.").

Here, petitioner did not file a state habeas corpus petition to review the revocation of his parole until December 15, 2012. Since the state petition was filed well after the AEDPA limitations period had already expired, it cannot serve to toll the statute of limitations period. *see* 28 U.S.C. 2244(d)(2); *Fernandez v. Artuz*, 402 F.3d 111, 116 (2d Cir. 2005) ("To toll the AEDPA statute of limitations, the state petition must be 'properly filed' and 'pending' during the tolling period"); *Smith*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (holding that the tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run.").

C.  **Equitable Tolling**

The Court also finds petitioner is not entitled to equitable tolling of the limitations period. To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Martinez v. Supr. of Eastern Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015). The standard for evaluating a claim of extraordinary circumstances is

one that focuses not on "the uniqueness of a party's circumstances," but instead on "the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011); *see Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012) (whether a circumstance is extraordinary depends on "how severe an obstacle it is for the petitioner endeavoring to comply with the AEDPA's limitations period.") (quoting *Diaz v. Kelly*, 515 F.3d, 149, 154 (2d Cir. 2008)). The petitioner must show not only that extraordinary circumstances existed, but that those circumstances "caused him to miss the original filing deadline." *Harper*, 648 F.3d at 137. To merit application of equitable tolling, the petitioner must also demonstrated he acted with "reasonable diligence throughout the period he seeks to toll[.]" *Id.* at 138 (quoting *Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007)). If a petitioner did not exercise reasonable diligence after the extraordinary circumstance began, "the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003) (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)).

Petitioner has not alleged that any extraordinary circumstances prevented him from filing his federal habeas petition, nor do such circumstances exist on the record before the Court. Even if the Court assumes petitioner did not become aware that his parole was revoked until his second determinate sentence expired in 2009 and he remained in custody, petitioner has not asserted any circumstances existed, let alone extraordinary circumstances,

which prevented him from filing his habeas petition until 2015, six years later.[5] The petition is therefore untimely, and is denied and dismissed.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the petition, Dkt. No. 1, is **DENIED AND DISMISSED**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires.[6] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve copies of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: 7/11/16
Albany, New York

Thomas J. McAvoy
Senior U.S. District Judge

---

[5] Although the Supreme Court has recognized another equitable exception to the one-year statute of limitations period where a petitioner can prove actual innocence (see *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1931 (2013)), this exception requires the petitioner to show that it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 115 S.Ct. 851, 867 (1995). Since petitioner is not challenging his underlying conviction, but the administrative revocation of his parole, this equitable exception is not applicable.

[6] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *See Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation" (citation omitted)).